RJG/bl                                                                                                  5409-25432

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIE FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Federal Case No.: 08-CV-3956 |
| ) | |
| JOSEPH A. STELPFING, Individually, ) | State Court Case No.: 08-L-5453 |
| and as Agent of SCHNEIDER ) | |
| NATIONAL CARRIERS and ) | Defendant Demands Trial by Jury |
| SCHNEIDER NATIONAL CARRIERS, ) | |
| ) | |
| Defendant. ) | |

**FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES the defendant, SCHNEIDER NATIONAL CARRIERS, INC., a foreign corporation, by and through its attorneys herein, DOWD & DOWD, LTD., moving this honorable Court pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure for entry of an Order dismissing plaintiff's claims predicated on those allegations contained in paragraph 7, subparagraphs (a), (b), (c), (d), (e), (g), and (h) for failing to state a claim upon which relief can be granted. In support hereof, this defendant states as follows:

1.    Plaintiff has filed her Complaint at Law seeking redress for injuries and damages allegedly sustained as a result of a motor vehicle-pedestrian collision occurring on March 27, 2008. (A copy of plaintiff's Complaint at Law is attached hereto and incorporated herein as "Exhibit A.")

2.    In her Complaint at Law plaintiff identifies that the individual defendant, Joseph A. Stelpfing, while operating the referenced vehicle, committed certain violations of "the motor

vehicle laws of the State of Illinois." Specifically, in paragraph 7 of plaintiff's Complaint she alleges that Stelpfing

- Failed to maintain a proper lookout (Exhibit A, paragraph 7(a));
- Was speeding (Exhibit A, paragraph 7(b));
- Failed to decrease the speed of his vehicle (Exhibit A, paragraph 7(c));
- Made an improper right turn (Exhibit A, paragraph 7(d));
- Failed to take "proper precautions on observing plaintiff" (Exhibit A, paragraph 7(e));
- Failed to sound his horn (Exhibit A, paragraph 7(g)); and
- Failed to stop at a posted stop sign (Exhibit A, paragraph 7(h)).

3.  With respect to the above-referenced allegations of negligence, plaintiff's Complaint fails to identify an appropriate theory imputing the actions of Stelpfing to this corporate defendant, Schneider National Carriers, Inc.

4.  Under Illinois law, a party injured by the negligence of another must seek his remedy against the person who caused the injury. The doctrine of *respondeat superior* is an exception to this general rule. *Winston v. Sears Roebuck & Co.,* 88 Ill.App.2d 358, 233 N.E.2d 95, 98 (1st Dist. 1968). Under this exception, the negligence of an employee is imputable to his employer if the relationship of the principal and agent existed at the time of and in respect to the particular transaction out of which the injury arose. *Metzler v. Laten,* 373 Ill. 88, 25 N.E.2d 60 (1940). To state a cause of action under the doctrine of *respondeat superior*, (1) the employee must have been at fault in causing the injury; (2) the employer-employee relationship must have existed at the time of the injury; and (3) the employee must have been acting within the scope of his employment at the time of the accident. *Payne v. Witmer,* 129 Ill.2d 351, 543 N.E.2d 1304 (1989).

5.  As plaintiff's Complaint is devoid of allegations suggesting the existence of an employer-employee relationship at the time of the injurious occurrence and, further, a suggestion that the individual defendant, Joseph A. Stelpfing, was acting in the scope of an employment with the movant herein, Schneider National Carriers, Inc., plaintiff's Complaint fails to state a cause of action against this corporate defendant.

WHEREFORE, the defendant, Schneider National Carriers, Inc., respectfully moves this Court pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of plaintiff's claims predicated on those allegations contained in paragraph 7, subparagraphs (a), (b), (c), (d), (e), (g) and (h), of plaintiff's Complaint at Law.

/s/Robert J. Golden
Attorneys for Defendant
Schneider National Carriers, Inc.
Robert J. Golden, ARDC # 6193047
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
(312) 704-4400
(312) 795-4540 – fax
Email:  rgolden@dowdanddowd.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant's Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss, was served upon the persons listed below by causing copies of the same to be sent by United States Mail on July 14, 2008:

>Stephen J. McMullen
>Attorney for Plaintiff
>212 West Washington, Suite 909
>Chicago, IL  60606

This 14th day of July, 2008.

>/s/Robert J. Golden
>Attorneys for Defendant
>Schneider National Carriers, Inc.
>Robert J. Golden, ARDC # 6193047
>Dowd & Dowd, Ltd.
>617 West Fulton Street
>Chicago, IL  60661
>(312) 704-4400
>(312) 795-4540 – fax
>Email:  rgolden@dowdanddowd.com

# EXHIBIT A

Attorney Code Number 11067

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CARRIE FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| JOSEPH A. STELPFING, Individually | ) | |
| and as Agent of SCHNEIDER | ) | |
| NATIONAL CARRIERS and SCHNEIDER | ) | |
| NATIONAL CARRIERS | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT AT LAW

Now comes the Plaintiff, CARRIE FERGUSON, by and through her attorney, STEPHEN J. McMULLEN, and complaining of the Defendants, JOSEPH A. STELPFING and SCHNEIDER NATIONAL CARRIER, alleging as follows:

1. That on March 27, 2008, Madison Avenue was a much used and well traveled public highway extending east and west in the City of Chicago, County of Cook and State of Illinois.

2. That Kenton Avenue was a side street extending north and south which intersected Madison Avenue at a "T" intersection on the north side of Madison in the City of Chicago, County of Cook and State of Illinois.

3. That traffic on Kenton southbound approaching the intersection of Kenton and Madison was required to stop at a clearly posted stop sign at the corner of Kenton as it intersected with Madison Avenue.

4. That on March 27, 2008, Plaintiff, CARRIE FERGUSON, was a pedestrian on the sidewalk on the northwest corner of Kenton and Madison at or near 4542 W. Madison, in the City of Chicago, County of Cook and State of Illinois.

5. That on the aforesaid date, the Defendant, JOSEPH A. STELPFING was the operator of a vehicle owned by Defendant, SCHNEIDER NATIONAL CARRIERS; said motor vehicle was traveling southbound on Kenton at or near Madison, in the aforesaid City, County and State.

6. That at all times hereto it was the duty of the Defendants to exercise ordinary care in the operation and control of their motor vehicle and to obey all traffic signals and signs posted.

7. That in violation of this duty, the Defendants acted or failed to act in one or more of the following ways, amounting to negligent conduct and violating the Motor Vehicles Laws of the State of Illinois.

(a) Operated said motor vehicle without keeping a proper and sufficient lookout for pedestrians in and about the area, and more particularly, for the Plaintiff herein.

(b) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions in the use of the way, or which endangered the safety of the Plaintiff, in violation of the provisions of 625 ILCS 5/11-601.

(c) Failed to decrease the speed of said motor vehicle so as to avoid colliding with the Plaintiff.

(d) Made a right turn at the aforesaid intersection location without first ascertaining whether such movement could be made with reasonable safety, contrary to and in violation of the provisions of 625 ILCS 5/11-804.

 (e) Failed to take proper precautions upon observing the Plaintiff thereat, in violation of the provisions of 625 ILCS 5/11-1003.

 (f) Failed to equip said motor vehicle with proper brakes, contrary to and in violation of the provisions of 625 ILCS 5/12-301.

 (g) Failed to give audible warning with said vehicle's horn of the approach of said motor vehicle, although such warning was necessary to insure the safe operation of said motor vehicle, contrary to and in violation of the provisions of 625 ILCS 5/12-601.

 (h) Failed to stop at the clearly posted stop sign on Kenton, approaching the Kenton and Madison intersection.

8. That as a direct and proximate result of Defendants' aforesaid careless and negligent acts and/or omissions, the Plaintiff was caused to sustain personal injuries, to incur and pay medical and hospital expenses, and to be absent from her usual pursuits and occupation for a period of time.

WHEREFORE, the Plaintiff, CARRIE FERGUSON, demands judgment against the Defendant, JOSEPH A. STELPFING, Individually and as Agent of SCHNEIDER NATIONAL CARRIERS; and SCHNEIDER NATIONAL CARRIER, in an amount IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00), and costs of suit.

By: _____
            Attorneys for Plaintiff

STEPHEN J. McMULLEN
Attorney for Plaintiff
212 W. Washington, Suite 909
Chicago, Illinois 60606
(312) 357-0513
Attorney Code Number 11067