RJG/bl                                                                                                            5409-25432

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIE FERGUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Federal Case No.:  08-CV-3956 |
| | ) |
| JOSEPH A. STELPFING, Individually, | ) State Court Case No.:  08-L-5453 |
| and as Agent of SCHNEIDER | ) |
| NATIONAL CARRIERS and | ) Defendant Demands Trial by Jury |
| SCHNEIDER NATIONAL CARRIERS, | ) |
| | ) |
| Defendant. | ) |

**SCHNEIDER NATIONAL CARRIERS, INC.'S
ANSWER TO CERTAIN COUNTS OF PLAINTIFF'S
<u>COMPLAINT AT LAW</u>**

NOW COMES the defendant, SCHNEIDER NATIONAL CARRIERS, INC., incorrectly sued as "SCHNEIDER NATIONAL CARRIERS," a foreign corporation, by and through its attorneys herein, DOWD & DOWD, LTD., and for its answer to certain counts of plaintiff's Complaint at Law, states as follows:

1.  That on March 27, 2008, Madison Avenue was a much used and well traveled public highway extending east and west in the City of Chicago, Count of Cook and State of Illinois.

    ANSWER:    This defendant admits that on the referenced date, Madison Street is a public
    highway extending east and west in the City of Chicago, County of Cook, and State
    of Illinois.

2.  That Kenton Avenue was a side street extending north and south which intersected Madison Avenue at a "T" intersection on the north side of Madison in the City of Chicago, County of Cook and State of Illinois.

> ANSWER: This defendant admits that Kenton Avenue is a north/south running street extending north from Madison Street at a "T" intersection, in the City of Chicago, County of Cook and State of Illinois.

3. That traffic on Kenton southbound approaching the intersection of Kenton and Madison was required to stop at a clearly posted sign at the corner of Kenton as it intersected with Madison Avenue.

> ANSWER: This defendant admits that southbound Kenton Avenue traffic is required to stop at Madison Street by virtue of a stop sign governing southbound Kenton Avenue traffic.

4. That on March 27, 2008, plaintiff, CARRIE FERGUSON, was a pedestrian on the sidewalk of the northeast corner of Kenton and Madison at or near 4542 WE. Madison, in the City of Chicago, County of Cook and State of Illinois.

> ANSWER: This defendant denies the allegations contained in paragraph 4 of plaintiff's Complaint at Law.

5. That on the aforesaid date, the defendant, JOSEPH A. STELPFING was the operator of a vehicle owned by defendant, SCHNEIDER NATIONAL CARRIERS; said motor vehicle was traveling southbound on Kenton at or near Madison, in the aforesaid City, County and State.

> ANSWER: This defendant admits that on the referenced date, JOSEPH A. STELPFLUG, incorrectly sued herein as "JOSEPH A. STELPFING," operated a tractor-trailer owned by this defendant; this defendant further admits that said tractor-trailer, at some point on the referenced date, traveled southbound on Kenton at and near the referenced intersection.

6. That at all times hereto it was the duty of the defendants to exercise ordinary care in the operation and control of their motor vehicle and to obey all traffic signals and signs posted.

> ANSWER: This defendant admits that it owed a duty to exercise ordinary care in the operation of all vehicles being driven pursuant to its Department of

Transportation authority. To the extent that the allegations contained in paragraph 6 of plaintiff's Complaint at Law are at variance therewith, this defendant denies same.

7. That in violation of this duty, the defendants acted or failed to act in one or more of the following ways, amounting to negligent conduct and violating the Motor Vehicles Laws of the State of Illinois.

(a) Operated said motor vehicle without keeping a proper and sufficient lookout for pedestrians in and about the area, and more particularly, for the plaintiff herein.

ANSWER: The allegations contained in this subparagraph are the subject of a separately pending Rule 12(b)(6) Motion to Dismiss.

(b) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions in the use of the way, or which endangered the safety of the plaintiff, in violation of the provisions of 625 ILCS 5/11-601.

ANSWER: The allegations contained in this subparagraph are the subject of a separately pending Rule 12(b)(6) Motion to Dismiss.

(c) Failed to decrease the speed of said motor vehicle so as to avoid colliding with the plaintiff.

ANSWER: The allegations contained in this subparagraph are the subject of a separately pending Rule 12(b)(6) Motion to Dismiss.

(d) Made a right turn at the aforesaid intersection location without first ascertaining whether such movement could be made with reasonable safety, contrary to and in violation of the provisions of 625 ILCS 5/11-804.

ANSWER: The allegations contained in this subparagraph are the subject of a separately pending Rule 12(b)(6) Motion to Dismiss.

(e) Failed to take proper precautions upon observing the plaintiff thereat, in violation of the provisions of 625 ILCS 5/11-1003.

ANSWER: The allegations contained in this subparagraph are the subject of a separately pending Rule 12(b)(6) Motion to Dismiss.

(f)  Failed to equip said motor vehicle with proper brakes, contrary to and in violation of the provisions of 625 ILCS 5/12-301.

ANSWER:  This defendant denies the allegations contained in paragraph 7, subparagraph (f), of plaintiff's Complaint at Law.

(g)  Failed to give audible warning with said vehicle's horn of the approach of said motor vehicle, although such warning was necessary to insure the safe operation of said motor vehicle, contrary to and in violation of the provisions of 625 ILCS 5/12-601.

ANSWER:  The allegations contained in this subparagraph are the subject of a separately pending Rule 12(b)(6) Motion to Dismiss.

(h)  Failed to stop at the clearly posted stop sign on Kenton, approaching the Kenton and Madison intersection.

ANSWER:  The allegations contained in this subparagraph are the subject of a separately pending Rule 12(b)(6) Motion to Dismiss.

8.  That as a direct and proximate result of defendants' aforesaid careless and negligent acts and/or omissions, the plaintiff was caused to sustain personal injuries, to incur and pay medical and hospital expenses, and to be absent from her usual pursuits and occupation for a period of time.

ANSWER:  This defendant denies the allegations contained in paragraph 8 of plaintiff's Complaint at Law.

WHEREFORE, the defendant, SCHNEIDER NATIONAL CARRIERS, INC., incorrectly sued herein as "SCHNEIDER NATIONAL CARRIERS," a foreign corporation, prays that this suit, so wrongfully brought, be dismissed at plaintiff's cost and expense.

**AFFIRMATIVE DEFENSE**

NOW COMES the defendant, SCHNEIDER NATIONAL CARRIERS, INC., incorrectly sued as "SCHNEIDER NATIONAL CARRIERS," a foreign corporation, by and through its attorneys herein, DOWD & DOWD, LTD., and for its affirmative defenses to plaintiff CARRIE FERGUSON'S Complaint at Law, states as follows:

## **FIRST AFFIRMATIVE DEFENSE**

1.      At the time and place alleged in plaintiff's Complaint at Law, plaintiff owed a duty to exercise ordinary care for her own safety.

2.      Notwithstanding the referenced duty and in direct contravention of same, plaintiff CARRIE FERGUSON was then and there guilty of one or more of the following negligent acts and/or omissions:

   (a)   Suddenly left a curb or other place of safety to walk or run into the path of a moving vehicle so close as to constitute an immediate hazard, in violation of 625 ILCS 5/11-1003(b);

   (b)   Failed to yield the right-of-way to vehicles on the roadway when crossing the roadway at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, in violation of 625 ILCS 5/11-1003(a);

   (c)   Crossed a roadway intersection diagonally, in violation of 625 ILCS 5/11-1003(d);

   (d)   Failed to utilize the right half of crosswalk and, any crosswalk whatsoever, in violation of 625 ILCS 5/11-1005;

   (e)   Stood in a roadway for the purpose of soliciting a ride from the drivers of vehicles, in violation of 625 ILCS 5/11-1006(a);

   (f)   Stood on a highway for the purpose of soliciting employment or business from the occupants of passing vehicles, in violation of 625 ILCS 5/11-1006(b);

   (g)   Stood on a highway for the purpose of soliciting contributions from occupants of passing vehicles and motorists, in violation of 625 ILCS 5/11-1006(c);

   (h)   Walked along and upon an adjacent roadway where a sidewalk was provided and its use was practicable, in violation of 625 ILCS 5/11-1007(a);

   (i)   Walked on a highway, not on an available shoulder and as far as practicable from the edge of the roadway, in violation of 625 ILCS 5/11-1007(b);

   (j)   Failed to walk as near as practicable to an outside edge of the roadway, and only on the left side of the roadway where neither a sidewalk nor a shoulder was available, in violation of 625 ILCS 5/11-1007(c);

   (k)   Failed to yield the right-of-way to all vehicles upon the roadway while walking as a pedestrian on the roadway, in violation of 625 ILCS 5/11-1007(d);

   (l)   While under the influence of alcohol or drug to a degree rendering her a hazard, walked or presented herself upon a highway and not on a sidewalk, in violation of 625 ILCS 5/11-1010;

   (m)   Failed to maintain a proper lookout for vehicles then and there upon the roadway;

 (n) Illegally placed herself on the public highway in furtherance of a criminal act, namely attempted indecent solicitation of an adult, in violation of 720 ILCS 5/11-6.5;

 (o) Illegally placed herself on the public highway in furtherance of a criminal act, namely prostitution, in violation of 720 ILCS 5/11-14(a);

 (p) Illegally placed herself on the public highway in furtherance of a criminal act, namely obscenity as so far as she presented an obscene exhibition of her body for gain, in violation of 720 ILCS 5/11-20(a)(4)

 (q) Was otherwise careless and negligent.

3. As a direct and proximate result of one or more of the foregoing negligent, reckless or intentional acts and/or omissions, plaintiff CARRIE FERGUSON, sustained those injuries and incurred those damages identified in her Complaint at Law.

4. There was in full force and effect at the time of the incident Section 5/2-1116 of the Illinois Code of Civil Procedure entitled "A Limitation on Our Recovery in Tort Actions; Fault." Pursuant to subsection (c) thereof, a plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought. Moreover, in the event that the trier of fact determines that the contributory fault on the part of the plaintiff is not more than 50% of the proximate cause of the injury or damage for which recovery is sought, damages allowed shall be diminished in proportion to the amount of fault attributable to the plaintiff.

WHEREFORE, the defendant, SCHNEIDER NATIONAL CARRIERS, INC., a foreign corporation, incorrectly sued as SCHNEIDER NATIONAL CARRIERS, prays that this suit, so wrongfully brought, be dismissed at plaintiff's cost and expense in the event the trier determines that the plaintiff's percentage of contributory fault exceeds 50% or, alternatively, reducing plaintiff's recovery in proportion to the plaintiff's percentage of culpable fault should plaintiff's contributory fault be found 50% or less.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

/s/Robert J. Golden
Attorneys for Defendant
Schneider National Carriers, Inc.
Robert J. Golden, ARDC # 6193047
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
(312) 704-4400
(312) 795-4540 – fax
Email:  rgolden@dowdanddowd.com

## AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

    Robert J. Golden, being first sworn on oath, deposes and says that he is an attorney for the defendant, SCHNEIDER NATIONAL CARRIERS, INC., that he is authorized to make this affidavit, and that the allegations of insufficient knowledge in the above answer are true and correct to the best of his knowledge and belief.

Robert J. Golden

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant's Answer to Certain Counts of Plaintiff's Complaint at Law, was served upon the persons listed below by causing copies of the same to sent by United States Mail on July 15, 2008:

> Stephen J. McMullen
> Attorney for Plaintiff
> 212 West Washington, Suite 909
> Chicago, IL 60606

This 15 day of July, 2008.

> /s/Robert J. Golden
> Attorneys for Defendant
> Schneider National Carriers, Inc.
> Robert J. Golden, ARDC # 6193047
> Dowd & Dowd, Ltd.
> 617 West Fulton Street
> Chicago, IL 60661
> (312) 704-4400
> (312) 795-4540 – fax
> Email: rgolden@dowdanddowd.com